BERRYMAN D. FINCANNON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 109881. Promulgated June 25, 1943.

*Robert R. Milam, Esq.*, for the petitioner.
*J. Marvin Kelley, Esq.*, for the respondent.

DISNEY. *Judge:* This case involves income tax for the calendar year 1937. A deficiency of $9,755.55 was determined. The question presented is as to the proper year in which there should be taxed to the petitioner certain commissions, which in turn depends upon whether he is upon the cash basis or an accrual basis of accounting as to such income.

The facts may be briefly stated : The income tax return for the taxable year was filed with the collector for the district of Florida at Jacksonville. Florida. The Florida School-Book Depository, Inc., a corporation of which the petitioner was the dominant stockholder, was from about 1917 and until June 1937 engaged in the business of representing various publishers of school books and the distribution of their products in the State of Florida. It rendered its income tax returns upon an accrual basis. It had a large number of contracts with various publishers, the gist of which contracts was that the corporation should receive from the publishers, store, and distribute school books throughout Florida, collect from the state therefor. allow the state a 10 percent discount, retain 10 percent as its commission, and remit the balance to the publishers. After 1925 there was a free textbook law in Florida and from and including 1937 about 90 percent of the business was with the State of Florida. The corporation took no title to the books which were charged to, warehoused by. and distributed by it, but received them upon consignment. and title passed to the state when delivered to it. The books were carried on the records of the corporation as consigned inventory. and accounts receivable were set up showing the amounts owing by the state to the publishers. The corporation collected for the publishers.

In June 1937 petitioner took over the business from the corporation and thereafter during 1937 the business was continued as before. During that year and after petitioner took over the business there were delivered to the state school books of such sales price as to result in a commission of $25,139.87. Collection for such books was not made in 1937 because the state did not have sufficient money with which to pay. The books were paid for in 1938 and in that year the petitioner received the commissions. The petitioner was not entitled to his commissions until he had made collection from the state for the publishers. after delivery of the books. At the end of the year 1937 petitioner had, with respect to the school books, the duty of collecting for them. placing the money in a trust fund in a local bank for the publishers. and distributing the money to the publishers. All of his other duties under his contracts had been performed.

The petitioner, prior to the time of his taking over the business

from the corporation, made his returns on a cash basis. The business taken over involved the use of inventories of consigned books, accounts receivable by the publishers, and accounts payable. The contracts of the publishers required use of an accrual basis of accounting. The petitioner handled other books aside from those sold to the state and such books were not handled on the consigned-inventory basis.

Prior to June 1937 petitioner's income from the school book business was by way of salary and dividends from the corporation.

The petitioner reported the commissions of $25,139.87 as income in 1938, and contends that he was on the cash basis of accounting, permitting the return thereof in that year. The respondent contends that his basis was an accrual system of accounting and that return of the commissions should have been made in the year 1937. The Commissioner gave credit to the petitioner in the year 1938 for the commissions and determined an overassessment of $6,630.54 for that year.

In *Georgia School-Book Depository, Inc.*, 1 T. C. 463, we had occasion to examine a situation involving essentially the same pertinent facts as here involved, that is, involving the income of a representative of school book publishers receiving a percentage commission for acting as a depository for, and distributor of, school books. Therein, as here, the petitioner had no title to the school books, and payment was owed by the state directly to the publishers, though collected by the petitioner. Also, as in the instant case, the state was unable to pay for the books and therefore payment was made and commissions were received by the petitioner in the following year. The petitioner there was upon an accrual basis of accounting. We held that the commissions were properly accruable in the years in which the sales of school books were made and not in the year when payment was made. The two cases are so similar that that case is decisive of the instant matter, provided the petitioner here was on an accrual basis as was the petitioner in the *Georgia School-Book Depository, Inc.*, case. The petitioner contends, in substance, that he was not upon an accrual basis for the reason that the inventories and accounts receivable upon which the respondent in part relies as evidencing an accrual basis, were not inventories or receivables belonging to the petitioner, and that the petitioner, being upon the cash basis, had a right to report the commissions when received by him in 1938. Petitioner argues that in the *Georgia School-Book Depository* case petitioner was admittedly upon an accrual basis, and that the only question was whether the items were properly accruable in the taxable year.

The facts here, however, are clear that the corporation which the petitioner dominated up to June 1937 and which in that year assigned

to him the contracts was upon an accrual basis of accounting, and it is equally clear that the business of handling the school books continued to be handled and the records were kept on the same basis as before. Petitioner testified that doing business as a school book depository required the use of inventories, accounts receivable, and accounts payable. We can only conclude, therefore, that the school book depository business, which from June 1937 belonged to the petitioner individually, was handled upon an accrual basis of accounting. Moreover, as above seen, the situation as to title in the publishers, and payment being due them from the state, is in effect the same as in the *Georgia School-Book Depository* case.

Upon brief the petitioner quotes a witness as stating that the "books of the depository continued to be kept on the accrual basis." This being the situation in fact, and the corporation having for a number of years followed the accrual basis of accounting, in our opinion the essential question presented to us here is, whether the petitioner, maintaining his personal books upon a cash basis, may return in 1938 commissions actually received by him in that year from a business, owned and operated by him, on an accrual basis, which basis requires such commissions to be reported as a part of the school book business in the year when earned. That they must be so reported, as a part of such business, we consider settled by the *Georgia School-Book Depository* case. In other words, they were properly accruable in 1937 by a business continued upon an accrual basis.

Of what effect, then, is the fact that the petitioner's personal books were kept upon a cash basis? In *Cornelia* v. *Cecil*, 37 B. T. A. 904, reversed on other grounds, 100 Fed. (2d) 896, we held that a person may report separately from his cash basis personal income, that of a business separately conducted by him on an accrual basis, and report the result of such business on the accrual basis. Based upon such holding, it is our opinion that the petitioner could properly conduct his school book depository business on an accrual basis, as in fact he did, and at the same time keep his personal books upon a cash basis, as petitioner testified, although there is no evidence that he had income other than from the school book depository business. However, the fact that two separate systems of accounting could be maintained by the petitioner does not require or permit the conclusion that he may report on the cash basis for 1938 the commissions received by him in 1938, for this in effect would amount to a holding that he received in 1938 a dividend from a business individually and separately owned and conducted by him, although such separate business on the accrual basis must, under the *Georgia School-Book Depository* case, be held to have earned the commissions in 1937. In our opinion, though the petitioner might separately return on an accrual basis the results of his school book depository business, whether profit or loss, he can not

treat the proceeds thereof as received by him upon the cash basis. He was the owner of the school book depository business, and must act in accordance with its system of accounting, which we have above held to be that of an accrual basis.

In addition, it is to be noted that the system of accounting customarily followed for a period of years by the corporation was the accrual basis; that no evidence appears of attempt to secure permission to use a different system, at the time the petitioner took over the business in June 1937; and that the petitioner's view, if relied upon to effect a change of accounting systems for the school book depository business, would contravene the primary rule against change of a long continued basis without permission applied for and given. The conclusion in this case, therefore, in the light of the decision in the *Georgia School-Book Depository* case, does not turn upon the question of what system of accounting most properly reflects generally the income of the petitioner, for under that case and the facts before us a separate part of the petitioner's business activities resulted in the income here involved, that part was upon the accrual basis, long and consistently followed, and we may not depart therefrom merely because the petitioner considered himself personally upon a cash basis and may have kept records of other income on such basis. It follows that we find no error in the action of the Commissioner in including the commissions of $25,139.87 in the income of petitioner for the taxable year 1937.

*Decision will be entered for the respondent.*