OPINION. MuRdook, Judge: The petitioner concedes that the disallowance of the claimed deduction of a net loss carry-over for 1942 was proper, since the 1941 income would have absorbed any such loss from 1940. He now claims that he is entitled to deduct, in the years paid, the amounts which he paid on the notes given in 1940 when they purchased the only outstanding interest in the John Johnson lease. He argues that such deductions are proper for 1942 and 1943 because he filed his returns upon the cash basis and was not entitled to deduct a loss upon the sale of his interest in the John Johnson lease until he paid the purchase price. Citing Helvering v. Price, 309 U. S. 409. If this was simply a loss from the sale of a capital asset by a taxpayer upon a cash basis, then the evidence fails to show the basis for gain or loss of the property upon which the loss is claimed, and the total claimed exceeds the only apparent loss in the amount of $1,700. However, it does not appear that this was merely a loss from the sale of a capital asset by a taxpayer upon a cash basis. It appears, instead, that books upon accrual basis were kept for the operation involving the John Johnson lease, and the 1940 deduction, including a stated loss from the disposition of the “equipment or lease,” was claimed in accordance with those books. A taxpayer reporting some personal income upon a cash basis may, nevertheless, for the same year report income or claim deductions or losses from a separate business which uses an accrual system of accounting, Joseph Stern, 14 B. T. A. 838; Berryman D. Fincannon, 2 T. C. 216, and where he claims a loss properly accrued upon the books of the business he may not thereafter claim another deduction when he makes some cash payment representing all or a part of his share of the loss. Cf. Cornelia V. Cecil, 37 B. T. A. 904; affirmed on this point, 100 Fed. (2d) 896; J. E. Mergott Co., 11 T. C. 47. It does not appear that the loss in question was improperly accrued on the books kept for the lease operations for 1940 or that the Commissioner erred in holding that no part of the loss was deductible for 1942 and 1943. Decision will he entered for the respondent.